

REID COLLINS & TSAI LLP
1301 S Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Main:  512.647.6100
Fax:  512.647.6129
www.reidcollins.com

William T. Reid, IV | Partner
Direct:  512.647.6105
wreid@reidcollins.com

August 31, 2020

Hon. Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *Holliday, as Trustee of the LB Litigation Trust v. Brown Rudnick LLP*, No. 1:19-cv-10925
         Counterclaim against Paul Silverstein

Dear Judge Engelmayer:

    I represent the plaintiff Trustee in this lawsuit. I now write on behalf of Paul Silverstein, one of five members of the Trust Advisory Board (the "TAB"), and the only one who was added by defendant Brown Rudnick as a purported counter-defendant in this lawsuit. As of the filing of this letter, Mr. Silverstein has not been served with the purported counterclaim against him and my firm has not been authorized to accept service.[1] Nevertheless, I will appear on behalf of Mr. Silverstein at the upcoming pre-trial conference to bring the following issues to the Court's attention and ensure that they are not deemed waived.

    On August 18, 2020 Brown Rudnick filed a counterclaim against the Trustee, seeking advancement of Brown Rudnick's legal fees in this lawsuit from the Trust, allegedly pursuant to the LB Litigation Trust Agreement (the "Trust Agreement"). Plaintiff intends to file a Motion to Dismiss that counterclaim because it 1) is unsupported by the language of the Trust Agreement; 2) is contrary to New York law presuming that indemnification agreements do not apply to inter-party claims, and 3) violates professional ethics rules that prohibit attorneys from seeking indemnification from their clients for the attorneys' own negligence.

    Brown Rudnick also filed a purported counterclaim against Mr. Silverstein individually. Mr. Silverstein, however, is not a plaintiff in this action, and the claim against him for "personal liability" is neither a proper counterclaim nor a proper third-party claim.  In what can only be viewed as a targeted, personal attack against Mr. Silverstein, Brown Rudnick alleges that if the Trust does not have funds to fulfill the alleged fee advancement obligation, then Mr. Silverstein—alone among the five TAB members—is *personally liable* for Brown Rudnick's legal fees. Brown Rudnick, which is not a beneficiary of the Trust, claims that Mr. Silverstein is personally liable because he allegedly violated his fiduciary duties to the Trust and allegedly "committed gross

---

[1] If the Court directs, after consideration of the issues set forth herein, we will accept service on behalf of Mr. Silverstein.

Hon. Paul Engelmayer
Re:  Counterclaim against Paul Silverstein
August 31, 2020
Page 2

negligence and willful misconduct" in causing the Trustee's lawsuit against Brown Rudnick to be filed.

    Brown Rudnick's addition of a claim against Mr. Silverstein is procedurally questionable. Even if such a claim is permissible pursuant to Rule 13(h), under the Court's procedural rules as set forth in its standard Case Management Order, Brown Rudnick must seek the Court's permission before adding a party to this action. Because Mr. Silverstein is not a plaintiff and has not been served with the summons and lawsuit, he is not officially a party to the lawsuit and did not join in the joint letter to the Court that is also filed on this day. Nevertheless, under Federal Rule of Civil Procedure 21 regarding misjoinder of parties, it would be efficient and appropriate for the Court to address the procedural propriety of the joinder of Mr. Silverstein at the conference on September 4, 2020. At a minimum, Brown Rudnick should be required to file a motion arguing the procedural and jurisdictional grounds for the joinder of the purported counterclaim against Mr. Silverstein.

    More importantly, the claim against Mr. Silverstein is substantively meritless and is intended only to harass Mr. Silverstein and the Trustee for having the temerity to sue Brown Rudnick. There is no evidentiary or legal support for Brown Rudnick's claim against Mr. Silverstein because, as Brown Rudnick is fully aware, even if the Trust had indemnity obligations to Brown Rudnick (it does not), the Trust Agreement unambiguously precludes any personal liability of the TAB members for liabilities of the Trust. *See* Trust Agreement § 7.3 (Exh. A to Brown Rudnick's Answer and Counterclaims). Furthermore, allegations that Mr. Silverstein (and the TAB as a whole) acted with gross negligence are meritless, given that Brown Rudnick is fully aware that the TAB retained independent counsel, including a retired bankruptcy judge, to evaluate the merits of a potential malpractice lawsuit against Brown Rudnick as well as the TAB's action to remove Mr. Weisfelner as trustee. Indeed, Brown Rudnick's allegations that Mr. Silverstein and the TAB acted with gross negligence—much less any form of negligence—are utterly inconsistent with the Court's decision to allow the malpractice claim against Brown Rudnick to proceed on Brown Rudnick's motion to dismiss. At the upcoming conference, Brown Rudnick should be required to provide a non-frivolous basis for its claim made against Mr. Silverstein personally, alone among the TAB members.

    For these reasons, on behalf of Mr. Silverstein we respectfully ask the Court to address these issues at the conference on September 4, 2020.

    Regards,

William T. Reid, IV, Partner
REID COLLINS & TSAI LLP