**LATHAM & WATKINS** LLP

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

September 18, 2020

**VIA ECF**

Hon. Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square,
New York, NY 10007

Re:    *Holliday, as Trustee of the LB Litigation Trust v.*
       *Brown Rudnick LLP*, No. 1:19-cv-10925

Dear Judge Engelmayer:

Pursuant to the Court's September 4, 2020 Order, (Dkt. No. 45), we write on behalf of Defendant Brown Rudnick LLP ("Brown Rudnick") in the above-captioned action regarding the jurisdictional and procedural grounds for its counterclaim against Paul N. Silverstein.

On August 18, 2020 Brown Rudnick brought counterclaims for advancement of legal fees and costs against Trustee Mark E. Holliday (the "Trustee") and Mr. Silverstein for personal liability in the event the Trust has inadequate funds to advance such fees and costs.  Mr. Silverstein is personally responsible for legal fees and costs incurred as a result of his own gross negligence and willful misconduct as a member of the LB Litigation Trust Advisory Board (the "TAB") in directing the Trustee to bring suit without adequate funds.[1]  In early 2019, long before the filing of the Complaint, Brown Rudnick explained to counsel for the Trustee and Mr. Silverstein that the LB Litigation Trust Agreement (the "Trust Agreement") requires advancement of Brown Rudnick's defense costs.[2]  Mr. Silverstein and the TAB nevertheless directed the Trustee to pursue claims against Brown Rudnick despite knowing that the Trust did not have adequate funds to advance Brown Rudnick's defense costs.  As explained in more detail below, Brown Rudnick's counterclaim for advancement of legal fees and costs against the Trustee and Mr. Silverstein arise out of the same "case or controversy" and "transaction or occurrence." This Court thus has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and Mr. Silverstein's joinder is proper pursuant to Federal Rules of Civil Procedure 13(h) and 20(a).

---

[1] Given that the Trustee has not contested the appropriateness of Brown Rudnick's counterclaim against him (nor could he), the only relevant question is whether Brown Rudnick's joinder of Mr. Silverstein to its counterclaim against the Trustee is permissible.

[2] Whether Brown Rudnick is entitled to indemnity is distinct from the question of advancement.

LATHAM&WATKINS LLP

## **Joinder of Mr. Silverstein is Proper**

Pursuant to Federal Rule of Civil Procedure 13(h), "Rules 19 and 20 govern the addition of a person as a part to a counterclaim or crossclaim." *See* Fed. R. Civ. P. 13(h). Under Rule 20, such joinder is permitted if: "(A) any right to relief is asserted against [the counterclaim defendant] jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The purpose of Rule 20 is to promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits." *Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 1421 (S.D.N.Y. 1989). Indeed, under the Federal Rules of Civil Procedure, "joinder of claims, parties and remedies is strongly encouraged." *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). For joinder to be proper, the parties to be joined must "have asserted against them, a right of relief arising out of the same transaction or occurrence" and "there must be some question of law or fact common to all the parties." *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2006) (internal citations and quotation marks omitted). To determine whether a claim constitutes a single transaction or occurrence, "courts have found Fed. R. Civ. P. 13(a) to be particularly instructive, and have concluded with reference to that Rule that the phrase encompasses 'all logically related claims.'" *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999) (citation omitted).

Here, both prongs of Rule 20(a)(2) are satisfied. First, Brown Rudnick's counterclaims against the Trustee and Mr. Silverstein are both based on the TAB members' gross negligence and willful misconduct in directing the Trustee to pursue claims against Brown Rudnick related to its work as the Trustee's professionals without ensuring adequate funds to meet the Trust's obligations. Had the TAB members, including Mr. Silverstein, directed the Trustee to ensure that the Trust had adequate funds and to advance Brown Rudnick's defense costs as required under the Trust Agreement, both counterclaims would have been unnecessary.

Second, Brown Rudnick's counterclaims against the Trustee and Mr. Silverstein present numerous common questions of law and fact. The Trustee has indicated he intends to file a motion to dismiss Brown Rudnick's counterclaim against him on the basis that it "1) is unsupported by the language of the Trust Agreement; 2) is contrary to New York law presuming that indemnification agreements do not apply to interparty claims, and 3) violates professional ethics rules that prohibit attorneys from seeking indemnification from their client for the attorneys' own negligence." (Dkt No. 43 at 1). The Court's adjudication of those very issues will have a substantial impact on Brown Rudnick's counterclaim against Mr. Silverstein.

Finally, the principles of fairness to the parties and judicial economy strongly favor joinder of Brown Rudnick's counterclaim against Mr. Silverstein. Both counterclaims essentially involve the same parties and the same operative facts – namely the TAB members' decision to direct the Trustee to bring a legal malpractice action without adequate funds to discharge the Trust's advancement obligations. Both Mr. Silverstein and the Trustee's liability is governed by the Trust Agreement. Thus, the Court's interpretation of that agreement will largely determine the liability of both counterclaim defendants. Further, there is no reasoned basis for Brown Rudnick to be forced to bring a separate action against Mr. Silverstein when this Court will necessarily consider

LATHAM&WATKINS LLP

the very facts and issues that will ultimately determine Mr. Silverstein's liability.  Such a result would not only waste substantial judicial resources, but would run counter to the principle that the Federal Rules should be "interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding."  *See A.I.A. Holdings, S.A. v. Lehman Bros. Inc.*, No. 97-cv-4978, 1998 WL 159059, at *5 (S.D.N.Y. Apr. 1, 1998).

### This Court Has Supplemental Jurisdiction over Brown Rudnick's Counterclaims

Pursuant to 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over all claims in a civil action "so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  In interpreting this provision, the Second Circuit has explained that § 1367 has displaced the view that "a permissive counterclaim requires independent jurisdiction (in the sense of federal question or diversity jurisdiction)."  *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 213 (2d Cir. 2004).  Instead, courts must determine whether a permissive counterclaim is part of the same "case or controversy" as the underlying claim, meaning both claims "derive from a common nucleus of operative fact."  *See Briarpatch Limited, L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004).

Here, Brown Rudnick's counterclaims against the Trustee and Mr. Silverstein can be seen essentially as a fee dispute regarding who must bear Brown Rudnick's costs in defending against the Trustee's claims.  It is settled law in the Second Circuit that such fee disputes arise from a "common nucleus of operative facts" such that exercising supplemental jurisdiction is appropriate. *See Kaltman-Glasel v. Dooley*, 82 Fed.Appx. 244, 245 (2d Cir. 2003) ("The case before us presents a textbook example of an appropriate exercise of [supplemental] jurisdiction . . . the appellees' state law counter-claim for unpaid legal fees was plainly derived 'from a common nucleus of operative fact' that was the basis of the appellant's legal malpractice claim in diversity.").

For the foregoing reasons, Brown Rudnick's joinder of Mr. Silverstein is both jurisdictionally and procedurally proper.

Respectfully submitted,


*/s/ Christopher J. Clark*
Christopher J. Clark
of LATHAM & WATKINS LLP


Cc: All counsel of record (via ECF)