

REID COLLINS & TSAI LLP
1301 S Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Main:  512.647.6100
www.reidcollins.com

November 4, 2020

Hon. Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Holliday, as Trustee of the LB Litigation Trust v. Brown Rudnick LLP*, No. 1:19 Civ. 10925
      **Request for Conference with Court**

Dear Judge Engelmayer:

Counsel for Plaintiff, Mr. Holliday, the successor Trustee of the LB Litigation Trust ("**Trust**") writes pursuant to Local Civil Rule 37.2 regarding a privilege dispute over Requests for Production served on September 9, 2020. Despite an extensive meet-and-confer process between counsel, the issue has not been resolved; therefore, the Trust seeks a conference with the Court. In sum, Brown Rudnick asserts privilege over certain communications in its possession that the former Trustee of the Trust, Edward S. Weisfelner (the "**Former Trustee**" or "**Mr. Weisfelner**"), engaged in *while acting as Trustee*. The specific communications at issue concern the Former Trustee's communications regarding the Trust's potential claims against Brown Rudnick. These documents are relevant to the credibility of answers in Mr. Weisfelner's upcoming deposition and to Brown Rudnick's current defenses. Contrary to Brown Rudnick's arguments, the fact that Mr. Weisfelner was a Brown Rudnick partner while he was also Trustee does not make these documents privileged against the Trust itself. If the Former Trustee considered or discussed the Trust's causes of action, including claims against Brown Rudnick, with any person *while he was Trustee*, those communications and documents belong to the Trust and must be produced.

This issue is ripe for resolution now. The dispute concerns two specific document requests (Nos. 19 and 31) that were served 2 months ago.[1] Counsel is at an impasse, and Brown Rudnick is standing by its privilege claims.[2] Mr. Weisfelner's deposition is noticed to take place on December 10, 2020. Prompt resolution by the Court will allow the Trust to review the documents before the deposition and will prevent the issue from becoming a contentious debate at the deposition.

As the Court is aware, Mr. Weisfelner served as Trustee of the Trust until he was removed on May 3, 2019. In his capacity as Trustee, Mr. Weisfelner investigated malpractice claims against

---

[1] Ex. A at 10 and 19 (Brown Rudnick's Responses and Objections to the Trust's First Requests for Production).

[2] Brown Rudnick did not provide a privilege log, categorical or otherwise, with its Responses and Objections and asserts that it should not be required to do so until 5 days before Mr. Weisfelner's deposition. That short of a timeframe will not allow sufficient time to resolve the privilege issues before Mr. Weisfelner's deposition because Court intervention will certainly be required.

Re: Privilege dispute: *Holliday v. Brown Rudnick LLP*, No. 1:19 Civ. 10925
November 4, 2020
Page 2

Brown Rudnick and, according to his specific statements to directors of the Trust Advisory Board ("**TAB**") and beneficiaries of the Trust, found the claims to be "frivolous and without merit."[3] The Trust issued document requests to discover the Former Trustee's communications in Brown Rudnick's possession, including specifically his communications regarding the Trust's potential malpractice claims against Brown Rudnick. Request No. 19 seeks:

> All Documents and Communications Concerning Weisfelner's determination, referenced in paragraph 15 of the Answer, that he 'does not believe there are viable claims or causes of action' against Brown Rudnick, including, but not limited to, all Documents and Communications concerning any formal or informal analyses conducted to reach that determination."[4]

Request No. 31 seeks a subset of the same communications, including the Former Trustee's communications (only during the time when he was Trustee) with Latham & Watkins, LLP, who now serves as defense counsel for Brown Rudnick. Brown Rudnick has refused to produce documents responsive to Requests 19 and 31 on privilege grounds.[5]

Brown Rudnick's assertion of privilege is wrong. The Trust (and the successor Trustee) own the privileges for the Former Trustee's ***communications made while he was Trustee*** (*i.e.*, prior to May 3, 2019) ***regarding the business of the Trust***, including whether the Trust had a viable claim against its former litigation counsel.[6] In the context of this malpractice claim and concerning only communications made while Mr. Weisfelner was still serving as Trustee, neither he nor Brown Rudnick can assert the attorney-client privilege over communications between them regarding the viability of a claim against Brown Rudnick. These communications plainly concern

---

[3] For instance, in a March 29, 2019 update to all Trust beneficiaries, Mr. Weisfelner asserted that he "does not believe there are viable claims or causes of action."[3] Ex. B at 2. In addition, after the TAB sent a letter stating that it was contemplating steps to remove Mr. Weisfelner, he responded *in his capacity as trustee* with an April 12, 2019 letter stating that it was his "understanding that any alleged claims [against Brown Rudnick] are frivolous and without merit." Ex. C at 1. Weisfelner further directed the Trust Advisory Board to speak to Latham, evidencing that Weisfelner had communicated with Latham about the Trust's claims against Brown Rudnick while he was still Trustee. *Id.*

[4] Ex. A at 10 and 19 (Brown Rudnick's Responses and Objections to Trust's First Requests for Production).

[5] Brown Rudnick has already produced some redacted emails sent by or to Mr. Weisfelner while he was Trustee concerning the claims against Brown Rudnick. An example of such a redacted email is attached hereto as Exhibit D.

[6] *See Moeller v. Superior Court*, 947 P.2d 279, 280 (Cal. 1997) ("The question before us is whether the predecessor trustee may assert the attorney-client privilege as to such documents and thereby withhold them from the successor. We conclude the answer is no. Upon taking office, a successor trustee assumes all of the powers of trustee, including the power to assert the attorney-client privilege as to confidential communications on the subject of trust administration."); *Martin v. Valley Nat. Bank of Arizona*, 140 F.R.D. 291, 319 (S.D.N.Y. 1991) ("I conclude that Valley [the former trustee] was not itself a client of Webster & Sheffield, and that the sole client was the ESOP Trust. Accordingly, Valley, as former trustee, has no standing to invoke the attorney-client privilege on its own behalf to block the disclosure of documents reflecting communications with Webster & Sheffield. It necessarily follows that the current Trustee has authority to waive any attorney-client privilege that may cover these documents . . . ."); *see also United States v Jicarilla Apache Nation*, 564 U.S. 162, 167 (2011) ("[A] trustee who obtains legal advice related to the execution of fiduciary obligations is precluded from asserting the attorney-client privilege against beneficiaries of the trust."); *NAMA Holdings, LLC v. Greenberg Traurig LLP*, 18 N.Y.S.3d 1, 53 (1st Dep't 2015) (same).

matters of trust administration and are not privileged against the Trust itself. Indeed, the Former Trustee specifically told beneficiaries and other third parties that he had evaluated the claim and found it meritless. The Trust is entitled to discover all communications that led the Former Trustee to that conclusion.

The fact that Mr. Weisfelner is a partner of Brown Rudnick does not change the analysis. If the Former Trustee had communications with Brown Rudnick regarding a different law firm's negligent representation of the Trust, neither Brown Rudnick nor the Former Trustee would assert a privilege claim about those discussions against the Trust itself. It is only because the Former Trustee is a Brown Rudnick partner that he and Brown Rudnick are refusing to turn over his communications and analysis about the Trust's potential claims. But the Former Trustee's conflict of interest in this situation—which was the reason the TAB voted to remove him as Trustee in the first place—cannot create a privilege against the Trust or a shield to conceal documents related to the Trust. When a trustee hires his own law firm and a dispute between the trust and that law firm arises, the trustee should completely recuse himself from any analysis of the dispute. The fact that the Former Trustee did not follow this procedure has created the current privilege dispute, but it does not create any actual privilege. Moreover, because the Former Trustee, despite his clear conflict of interest, repeatedly touted his alleged analysis of the Trust's claims against his own law firm, it would be inequitable and improper for him (and Brown Rudnick) to refuse to produce those communications now.

As to any work-product claim that Brown Rudnick or Mr. Weisfelner may raise, the Trust is not seeking documents relating to the Former Trustee's analysis of his own potential personal liability as trustee. (Such documents, however, should be logged for further review to confirm the claim.) Nor is the Trust seeking communications in which Brown Rudnick attorneys, outside the presence *and without the involvement of Mr. Weisfelner*, sought advice on the firm's liability for malpractice. Rather, the Trust is seeking its Former Trustee's communications regarding Brown Rudnick's handling of the Preference Claim, including communications concerning any claim against Brown Rudnick arising from its prosecution of that case. Any communication that the Former Trustee made or received concerning Brown Rudnick's liability (while he was still Trustee) belongs to the Trust and must be produced.

In conclusion, the Trust respectfully submits that it is entitled to documents and communications concerning: (1) the nature and scope of whatever investigation or review Mr. Weisfelner undertook as Trustee to determine that the Trust allegedly lacked potential claims against Brown Rudnick; and (2) Weisfelner's communications, while he was Trustee, with Brown Rudnick and Latham & Watkins, LLP concerning Brown Rudnick's handling of the Preference Claim and/or potential liability to the Trust.

With the goal of resolving this dispute prior to Mr. Weisfelner's deposition in mid-December, the Trust respectfully requests a brief telephonic conference with the Court after it receives Brown Rudnick's response to this letter. The Trust appreciates the Court's consideration of this matter.

Re: Privilege dispute: *Holliday v. Brown Rudnick LLP*, No. 1:19 Civ. 10925
November 4, 2020
Page 4

|  |  |
|---|---|
| Dated:  November 4, 2020 | REID COLLINS & TSAI LLP |
|  | */s/ Joshua J. Bruckerhoff* |
|  | Joshua J. Bruckerhoff (*pro hac vice*) |
|  | jbruckerhoff@rctlegal.com |
|  | Barbara Whiten Balliette (*pro hac vice*) |
|  | bballiette@rctlegal.com |
|  | Zachary Ewing (*pro hac vice)* |
|  | zewing@rctlegal.com |
|  | W. Tyler Perry (WP 4327) |
|  | tperry@rctlegal.com |
|  | 1301 S. Capital of Texas, C-300 |
|  | Austin, Texas 78746 |
|  | 512-647-6100 |
|  |  |
|  | William T. Reid, IV |
|  | wreid@rctlegal.com |
|  | Marc Dworsky |
|  | mdworsky@rctlegal.com |
|  | 810 Seventh Avenue, Suite 410 |
|  | New York, New York |
|  | 212-344-5200 |
|  |  |
|  | *Counsel for the Trust and Silverstein* |