UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK E. HOLLIDAY, as Trustee of the LB Litigation Trust,

                Plaintiff,

-v-

BROWN RUDNICK LLC,

                Defendant.

---

BROWN RUDNICK LLC,

                Counterclaim Plaintiff,

-v-

MARK E. HOLLIDAY, as Trustee of the LB Litigation Trust, and Paul N. Silverstein

                Counterclaim Defendants.

19 Civ. 10925 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed counsels' thoughtful letters setting out their respective views as to the discovery dispute raised by plaintiff Mark E. Holliday. *See* Dkts. 61, 62. At this point, the disputes between the parties are insufficiently crystallized to lend themselves to a reliable determination as the existence or extent of a viable claim of privilege. The Court's view is that determinations about such matters are most reliably reached in the context of a specific dispute involving specific documents withheld, or whole or in part, as memorialized on a detailed and informative privilege log. Upon the production by defendants of such a log, counsel can meet and confer about documents that have been withheld or redacted based on a claim of privilege.

In the event of unresolved disputes, plaintiff can challenge and the parties can brief defendant's disputed privilege claims, and plaintiffs may ask the Court to review *in camera* a subset of the documents withheld on account of privilege. The Court declines to resolve privilege disputes in the present, conceptual context, but stands ready to do so if, after production of a privilege log, the parties are unable to agree on the validity of defendant's privilege claims, if any.

The Court is, however, concerned about plaintiff's representation that a privilege log might not be produced by the defense until five days before the proposed date of December 10, 2020 for Mr. Weisfelner's deposition. If the defense envisions such a timetable, it would be a clear non-starter. It would provide insufficient time for plaintiff's counsel to review and analyze the privilege log, engage in meaningful meet-and-confer sessions with defense counsel, review any additional documents produced as a result of the counsel's discussions, and litigate to resolution any outstanding disputes regarding claims of privilege. That is particularly so given the potential complexity of the privilege questions previewed here, which may be complicated by the defense's potential claim that Mr. Weisfelner served in two distinct roles (one as a trustee, the other as a partner at the firm serving as outside counsel to the trustee) in connection with the events at issue, each giving rise as to a distinct analysis with respect to privilege. The Court expects that a complete privilege log as to documents germane to Mr. Weisfelner would be produced, at a minimum, two weeks before the deposition. Any later production would deprive plaintiffs' counsel of the practical ability to identify and litigate, and the Court to resolve, complex privilege disputes meaningfully in advance of the deposition.

The Court expects that counsel will continue to meet and confer in good faith in an effort to resolve potential discovery disputes without the need for the Court's intervention.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: November 18, 2020
       New York, New York